### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**MAX BENTON MCKINNEY**                                                                                             **PLAINTIFF**

**v.**               **No. 3:22CV93-DAS**

**MAYOR OF SENATOBIA, ET AL.**                                                        **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Max Benton McKinney, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants[1] used excessive force against him during his arrest. For the reasons set forth below, defendant Mayor of Senatobia will be dismissed with prejudice from this case, and process will issue as to defendant Commander in Chief of Police Department.

### Factual Allegations

On July 27, 2021, plaintiff Benton McKinney was pulled over by an unmarked police car. He fled on foot because he was driving with a suspended license. He hid behind a shed, but was soon discovered by Senatobia Police Department officers, who ordered him to lay on the ground with his hands behind his back. He complied and was handcuffed. The next thing he remembers is regaining

---

[1] The plaintiff names as defendants the Mayor of Senatobia, Commander in Chief of the Police Department, John Doe 1 (Sergeant of Police), and John Doe 2 (Police Officer).

consciousness at the Senatobia Police Department, where an officer was attempting to fingerprint him. He fell in and out of consciousness during this time. He asked for medical attention and was denied.

His next memory is from the Tate County Sheriff's Department, where officers noted injuries to his face and a large hematoma on the back of his head. The officers documented these injuries by photographing them. The plaintiff suffered seizures, blackouts, and migraine headaches over the next several weeks – none of which he had experienced before his injuries. The officers at the Sheriff's Department told the plaintiff that they had seen bodycam footage of his arrest by the Senatobia Police Department and that the arresting officers had used excessive force.

During his last seizure at the Tate County Jail, paramedics arranged for the plaintiff to be airlifted to the hospital. At that point he was "immediately" released, and his felony charges were dismissed. In his prayer for relief, the plaintiff requests that "these officers … be held accountable for their actions [s]o that the vicious acts of police brutality will be stopped immediately." Doc. 2 at 6.

## Supervisor Liability

Defendant Mayor of Senatobia must be dismissed from this case, as the plaintiff has not alleged that the mayor personally participated in any of the events giving rise the plaintiff's claims. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007).

There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). In this case, the plaintiff does not allege that the mayor had any personal involvement or was causally connected to the incident in any way. As such, this action be dismissed as to defendant Mayor of Senatobia for failure to state a constitutional question.

## Conclusion

For the reasons set forth above, the plaintiff's allegations against defendant Mayor of Senatobia will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The court will direct process to issue as to Commander in Chief of Police Dept. by separate order.

**SO ORDERED**, this, the 26th day of August, 2022.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE