IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MAX BENTON MCKINNEY**                                                                     **PLAINTIFF**

**v.**                                                                                  **No. 3:22CV93-DAS**

**MAYOR OF SENATOBIA, ET AL.**                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Max Benton McKinney, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the remaining defendant, Commander in Chief of Police Department, used excessive force against him during his arrest. The defendant has moved to dismiss the case; the plaintiff has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the instant motion to dismiss will be granted, and this case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Factual Allegations[1]**

On July 27, 2021, plaintiff Benton McKinney was pulled over by an unmarked police car. He fled on foot because he was driving with a suspended license. He hid behind a shed, but was soon

---

[1] The court has drawn the facts in this memorandum opinion from the plaintiff's Complaint. *See* Doc. 2.

discovered by Senatobia Police Department officers, who ordered him to lay on the ground with his hands behind his back. He complied and was handcuffed. The next thing he remembers is regaining consciousness at the Senatobia Police Department, where an officer was attempting to fingerprint him. He fell in and out of consciousness during this time. He asked for medical attention and was denied.

His next memory is from the Tate County Sheriff's Department, where officers noted injuries to his face and a large hematoma on the back of his head. The officers documented these injuries by photographing them. The plaintiff suffered seizures, blackouts, and migraine headaches over the next several weeks – none of which he had experienced before his injuries. During the plaintiff's last seizure at the Tate County Jail, paramedics arranged for him to be airlifted to the hospital. At that point he was "immediately" released, and his felony charges were dismissed. In his prayer for relief, the plaintiff requests that "these officers … be held accountable for their actions [s]o that the vicious acts of police brutality will be stopped immediately." Doc. 2 at 6.

**Standard of Review**

In response to the instant complaint, the defendant has filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under either rule, the question is whether the complaint includes claims that provide a plausible basis for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). The court must answer this question by comparing the legal claims that have been identified in the complaint with the factual allegations to support them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In resolving a Rule 12(c) motion, the court may consider the complaint, documents attached to the complaint, documents central to the claims that are referenced in the complaint, and matters of public record, such as documents filed in state court. *Doe v. United States*, 853 F.3d 792, 800 (5th Cir. 2017), *as revised* (April 12, 2017); *Joseph v.*

*Bach & Wasserman, LLC*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012). Merely listing the elements of a cause of action, or offering conclusory factual or legal assertions, is insufficient to defeat a motion to dismiss. *Jordan v. Flexton*, 729 F. App'x 282, 284 (5th Cir. 2018).

### Excessive Force – Individual Capacity

The plaintiff has alleged that, during his arrest, officers in their individual capacities used excessive force against him. An officer violates the Fourth Amendment when an arrestee "suffers an injury that result directly and only from a clearly excessive and objectively unreasonable use of force." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). To be liable under § 1983, an officer "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") Liability cannot be imposed upon a § 1983 defendant under a theory of respondeat superior. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

The plaintiff's excessive force claim against Commander in Chief of Police Department fails because he does not allege that the defendant was personally involved or causally connected with his arrest. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 696 (5th Cir. 2017) (no Fourth Amendment violation where plaintiff did not allege the officer had any personal involvement in the arrest). McKinney has alleged only that he was "spotted and surrounded by the Senatobia Police [Department];" he has not alleged that this defendant used excessive force against him – or was even present at the scene. Doc. 2 at 4. Therefore, McKinney has not plausibly alleged a constitutional violation of excessive force against Commander in Chief of Police Department. McKinney's individual capacity excessive force allegations will thus be dismissed for failure to state a claim upon which relief could be granted.

### Excessive Force – Official Capacity

In his complaint, the plaintiff checked the box indicating that he was suing all defendants in both their individual and official capacities. Doc. 2. At 2. As discussed below, however, his allegations do not meet any element of an official capacity claim against the defendant. A claim against the defendant in his official capacity is merely a claim against the government entity with which he is associated. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" – the City of Senatobia, Mississippi, in the present case. *Id*.

To establish municipal liability under § 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). These three requirements distinguish individual violations by government employees from those of the government itself. *Piotrowski*, 237 F.3d at 578. The plaintiff has not alleged any of these elements. The plaintiff has alleged no facts to show that any policy-making officials for the city implemented an official policy that caused his alleged constitutional violation. Neither has he alleged a persistent pattern of conduct by city officials that caused the purported constitutional violation. *See Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984). In a § 1983 action, a government entity cannot be liable based on a theory of *respondeat superior* for the actions government employees who do not set policy. *Monell*, 436 U.S. at 690-94; *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). As the plaintiff's allegations do not meet any element of the municipal liability test, they will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the plaintiff's claims regarding excessive force, whether in the defendant's individual or official capacity, fail to state a claim upon which relief could be granted. As

such, the instant case will be dismissed with prejudice.[2]

**SO ORDERED**, this, the 14th day of August, 2023.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff provided insufficient information to identify the two John Doe defendants; as such, they will be dismissed from this case for failure to effect service of process upon them.